IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUGLAS LINCOLN, JR., | § | |
| #195222, | § | |
| Petitioner, | § | |
| | § | No. 3:22-cv-02932-X (BT) |
| v. | § | |
| | § | |
| BRAD NORMAN, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Douglas Lincoln, Jr., a pretrial detainee at the Wayne McCollum Detention Center in Waxahachie, Texas, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the Court should dismiss the petition for failure to exhaust state court remedies.

I.

Lincoln alleges that he is awaiting trial on charges for aggravated assault with a deadly weapon in Ellis County. Pet. 3 (ECF No. 3); *see also* http://findtheinmate.com/gsapdfs/16729511355995.VERIFY.20094.74336 273.html (last visited Jan. 5, 2023). Lincoln argues: (1) the charges against him are "false" (Pet. 5 (ECF No. 3); (2) the charges against him amount to "malicious prosecution" (Pet. 5 (ECF No. 3); (3) he is being held on "excessive bail" (Pet. 6 (ECF No. 3); and (4) the victim provided a "coached" statement against him (Pet. 6 (ECF No. 3)). As relief, Lincoln seeks

1

"immediate release" and dismissal of the charges against him. Pet. 7 (ECF No. 3).

## II.

Pretrial petitions, like Lincoln's, are properly brought under § 2241, which applies to a person in custody, regardless of the present status of the case pending against that person or whether a court has rendered a final judgment. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). But a state pretrial detainee must fully exhaust available state remedies before seeking federal habeas relief. *See Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (addressing a § 2241 filed by a state pretrial detainee). And exhaustion under § 2241 requires that a state pretrial detainee fairly present his claims to the state courts. *Id.* at 228. In Texas, this involves submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals (CCA). *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). An exception may exist where there is an absence of available state corrective measures available or "exceptional circumstances of peculiar urgency" make any such process ineffective to protect the petitioner's rights. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (quoting *Ex Parte Hawk*, 321 U.S. 114, 118 (1944)).

Here, Lincoln cannot demonstrate that he exhausted his state court remedies prior to filing his § 2241 petition. He does not mention the exhaustion of his claims in state court anywhere in his petition; and an

independent review of the Texas CCA's website reveals that Lincoln has not presented his claims to the Texas CCA. Consequently, his petition should be dismissed.

### III.

For the foregoing reasons, the Court should dismiss Lincoln's § 2241 petition without prejudice for failure to exhaust state court remedies.

Signed January 5, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.